UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**DANIEL SEVERINO,**

    Plaintiff,

v.

**VARIETY CHILDREN'S HOSPITAL**, a Florida corporation,
**ARNOLDO PINO**, individually, and
**CARLOS DURAN,** individually,

    Defendants.

## COMPLAINT

    COMES NOW, the Plaintiff, DANIEL SEVERINO, by and through the undersigned counsel and on behalf of all those similarly situated, (hereinafter as "Plaintiff"), by and through the undersigned counsel, hereby brings this action against Defendants, VARIETY CHILDREN'S HOSPITAL (hereinafter referred to as "VARIETY"), ARNOLDO PINO, individually, and CARLOS DURAN, individually, (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").  Plaintiff seeks unpaid overtime wages, liquidated damages or pre-judgment interest, post-judgment interest, reasonable attorney's fee and costs from Defendants.  Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly employed by Defendant or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1.     This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*  The Court

has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Miami-Dade County, Florida, and the Defendant is a Florida corporation who transacts business in Miami-Dade County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, DANIEL SEVERINO, is an individual residing in the County of Miami-Dade, State of Florida.  Plaintiff became employed and hired by Defendants in or about September 2012, and worked for Defendant as a "MRI Supervisor".

4. At all times material, Plaintiff, DANIEL SEVERINO, was an employee of Defendants within the meaning of the FLSA.

5. The Defendant, VARIETY, is a corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

6. At all times relevant, the Defendant, ARNOLDO PINO, was an individual resident of the State of Florida who owned and/or operated VARIETY, where Plaintiff was employed. Defendant ARNOLDO PINO, is involved in the day-to-day opertation of VARIETY and was responsible for the supervision of the Plaintiff.  Defendant ARNOLDO PINO interviewed and hired Plaintiff on behalf of Defendants.  Defendant ARNOLDO PINO, acted and acts directly in the interests of VARIETY in relation to its employees, and thus, Defendant ARNOLDO PINO, was and is an employer within the meaning of Section 3(d)

of the FLSA, 29 U.S.C. §203(d).

7. At all times relevant, the Defendant, CARLOS DURAN, was an individual resident of the State of Florida who owned and/or operated VARIETY, where Plaintiff was employed. Defendant CARLOS DURAN, is involved in the day-to-day opertation of VARIETY and was responsible for the supervision of the Plaintiff. Defendant CARLOS DURAN interviewed and hired Plaintiff on behalf of Defendants.  Defendant CARLOS DURAN, acted and acts directly in the interests of VARIETY in relation to its employees, and thus, Defendant CARLOS DURAN, was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

8. Plaintiff was an employee of Defendants and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

9. Throughout Plaintiff's employment with Defendants, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

10. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.  Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

11. The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendants who worked on or after January 3, 2011, and who worked overtime hours but did not receive time-and-a-half wages for such overtime hours.

12. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §

201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

13. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendants.

14. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants.

15. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to them.

16. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff, DANIEL SEVERINO, re-alleges and incorporates herein the allegations contained in paragraphs 1-16.

18. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess for Forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

19. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

20. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff

and those similarly situated to him) are entitled to liquidated damages.

21. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiffs, DANIEL SEVERINO, and those similarly situated to him who opt into this action, demand judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

22. Plaintiff demands a jury trial on all issues so triable.

DATED:       January 2, 2014

      MILITZOK & LEVY, P.A.
      *Attorneys for Plaintiff*
      The Yankee Clipper Law Center
      3230 Stirling Road, Suite 1
      Hollywood, Florida 33021
      (954) 727-8570 - Telephone
      (954) 241-6857 – Facsimile
      bjm@mllawfl.com

      By: /s/ Brian Militzok
      BRIAN J. MILITZOK, ESQ
      Fla. Bar No.: 0069993